# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | | |
|---|---|---|
| **ELIZABETH FAYE BRYANT** | * | **CIVIL ACTION NO. 07-1348** |
| **VERSUS** | * | **JUDGE HICKS** |
| **MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT & RECOMMENDATION

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits. The district court referred the matter to the undersigned United States Magistrate Judge for proposed findings of fact and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons assigned below, it is recommended that the decision of the Commissioner be **REVERSED and REMANDED for further proceedings.**

## Background & Procedural History

Elizabeth Bryant protectively filed an application for Supplemental Security Income payments on May 22, 2006. (Tr. 49-52, 56). She alleged disability since April 9, 2006, due to weak stomach muscles, a tear in her lining, and deep vein thrombosis. (Tr. 49, 59). The claim was denied at the initial stage of the administrative process. (Tr. 34-39). Thereafter, Bryant requested and received an April 13, 2007, hearing before an Administrative Law Judge ("ALJ"). (Tr. 142-169). However, in a June 28, 2007, written decision, the ALJ determined that Bryant was not disabled under the Act, finding at Step Five of the sequential evaluation process that she was able to perform work that exists in substantial numbers in the national economy. (Tr. 19-29). Bryant appealed the adverse decision to the Appeals Council. Nonetheless, on August 8,

2007, the Appeals Council denied Bryant's request for review; thus, the ALJ's decision became the final decision of the Commissioner. (Tr. 4-6).

On August 16, 2007, Bryant sought review before this court. She alleges that the ALJ disregarded her testimony concerning the debilitating effects of her impairments without making requisite credibility determinations.

## **Standard of Review**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying improper legal standards. *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401. While substantial evidence lies somewhere between a scintilla and a preponderance, substantial evidence clearly requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). Conversely, a finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Secretary. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

## Determination of Disability

Pursuant to the Social Security Act ("SSA"), individuals who contribute to the program throughout their lives are entitled to payment of insurance benefits if they suffer from a physical or mental disability. *See* 42 U.S.C. § 423(a)(1)(D). The SSA defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). Based on a claimant's age, education, and work experience, the SSA utilizes a broad definition of substantial gainful employment that is not restricted by a claimant's previous form of work or the availability of other acceptable forms of work. *See* 42 U.S.C. § 423(d)(2)(A). Furthermore, a disability may be based on the combined effect of multiple impairments which, if considered individually, would not be of the requisite severity under the SSA. *See* 20 C.F.R. § 404.1520(a)(4)(ii).

The Commissioner of the Social Security Administration has established a five-step sequential evaluation process that the agency uses to determine whether a claimant is disabled under the SSA. *See* 20 C.F.R. §§ 404.1520, 416.920. The steps are as follows,

(1)   An individual who is performing substantial gainful activity will not be found disabled regardless of medical findings.

(2)   An individual who does not have a "severe impairment" of the requisite duration will not be found to be disabled.

(3)   An individual whose impairment(s) meets or equals a listed impairment in [20 C.F.R. pt. 404, subpt. P, app. 1] will be considered disabled without the consideration of vocational factors.

(4)   If an individual's residual functional capacity is such that he or she can still perform past relevant work, then a finding of "not disabled" will be made.

(5) If an individual is unable to perform past relevant work, then other factors including age, education, past work experience, and residual functional capacity must be considered to determine whether the individual can make an adjustment to other work in the economy.

*See, Boyd v. Apfel*, 239 F.3d 698, 704 -705 (5th Cir. 2001); 20 C.F.R. § 404.1520.

The claimant bears the burden of proving a disability under the first four steps of the analysis; under the fifth step, however, the Commissioner must show that the claimant is capable of performing work in the national economy and is therefore not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987). When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). If at any point during the five-step review the claimant is found to be disabled or not disabled, that finding is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

## **Analysis**

The ALJ found at Step Two of the sequential evaluation process that Bryant suffers from severe impairments of obesity and recurrent ventral hernia. (Tr. 24). The ALJ concluded, however, that the impairments were not severe enough to meet or medically equal any of the impairments listed in the Category of Impairments in Appendix 1 to Subpart P, Social Security Regulations No. 4. (Tr. 25). The ALJ then determined that Bryant retained the residual functional capacity for light work, reduced by the ability to only occasionally climb ramps and stairs, and the inability to climb ladders, ropes, or scaffolds. (Tr. 26).[1] She can occasionally

---

[1] Light work entails:
> . . . lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide

4

stoop, kneel, and crouch, but never crawl. *Id*.

Plaintiff contends that the ALJ erred because he failed to support his credibility findings. Plaintiff contends that her testimony does not support a finding that she can perform light or sedentary work. In other words, plaintiff's argument challenges the sufficiency of the ALJ's residual functional capacity determination.

The instant record contains mostly treatment notes for various surgeries and hospital stays necessitated by plaintiff's recurrent hernia and post-surgical complications. However, no physician has rendered an opinion regarding plaintiff's physical and mental capacity for work despite her impairments.² Although, plaintiff's testimony provides some support for portions of the ALJ's residual functional capacity assessment,³ there is no record evidence to support *inter*

---

range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

² The ALJ noted that plaintiff's treating physicians only limited her ability to lift and carry. (Tr. 90-91). However, the restrictions were for the six week period following her surgery. No physician assessed plaintiff's long-term limitations on a function by function basis.
Citing Exhibit 6F, the ALJ observed that non-examining agency physician, Charles Black, M.D., indicated that plaintiff was "capable of at least light duty." (Tr. 27). Review of Exhibit 6F, however, reveals only a cryptic shorthand by Dr. Black: "4L to NS." (Tr. 116). Aside from the obvious interpretation problems, there is no indication that the assessment (if it is one) contemplated the effects of plaintiff's impairments on a function by function basis. *See*, SSR 96-9p. Indeed, the chronic nature of plaintiff's gastrointestinal distress was not apparent in June 2006 when Black issued his "assessment." (*See*, Tr. 121-130).

³ Bryant testified that she can squat, stoop, and pick up objects off of the floor. (Tr. 159). She also can lift her arms over her head, and sometimes climb stairs. (*See*, Tr. 159-160). Although plaintiff's testimony that she can lift a gallon of milk (which according to the U.S. Geological Survey weighs 8.33 pounds) does not satisfy the lifting requirements for light work, it is close enough to the ten pound lifting requirement for sedentary work that it does not significantly erode that occupational base. *See*, SSR 96-9p.

5

*alia* the ALJ's finding that Bryant can stand or walk for a total of six hours in an eight hour day as required to perform light work. *See*, SSR 83-10 (describing requirements of light work).[4] Furthermore, there is no record evidence to support a finding that plaintiff's gastrointestinal distress permits her to sit for six hours during an eight hour day as required to perform sedentary work. *See*, SSR-96-9p (describing requirements of sedentary work).[5]

In the absence of any valid medical assessment or other corroborating evidence to support the ALJ's residual functional capacity determination, the court is constrained to find that the ALJ's assessment is not supported by substantial evidence. *See, Ripley v. Chater* 67 F.3d 552, 557-558 (5th Cir. 1995) (substantial evidence lacking where: no medical assessment of claimant's residual functional capacity, and claimant's testimony was inconsistent with ALJ's assessment); *Butler v. Barnhart*, Case Number 03-31052 (5th Cir. 06/02/2004)(unpubl.) (in the absence of medical opinion or evidence establishing that the claimant could perform the requisite exertional demands, the ALJ's determination is not supported by substantial evidence).

Because the foundation for the Commissioner's Step Five determination was premised upon a residual functional capacity which is not supported by substantial evidence, the court further finds that the Commissioner's ultimate conclusion that plaintiff is not disabled is also not supported by substantial evidence.

---

[4] Plaintiff testified that she can stand and/or walk for no more than 30 minutes. (*See*, Tr. 162-163).

[5] When asked how long she could sit without a problem, plaintiff replied that she could sit comfortably. (Tr. 163). However, Bryant also testified that despite using medication to help ameliorate her condition, she continues to suffer gastrointestinal distress on a daily basis. (Tr. 156-157). The medical record arguably supports a finding that plaintiff's gastrointestinal symptoms are relieved by standing. (Tr. 121). However, a sit/stand option would erode the occupational base for sedentary work, and compel vocational expert testimony. SSR 96-9p. The instant ALJ's hypothetical(s) to the vocational expert did not incorporate a sit/stand option. (Tr. 165-168).

Plaintiff urges the court to enter a judgment awarding benefits. The courts have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. §405(g). When reversal is warranted, the matter is remanded with instructions to make an award only if the record enables the court to conclusively determine that the claimant is entitled to benefits. *See, Ferguson v. Heckler*, 750 F.2d 503, 505 (5th Cir. 1985); *see also*, *Rini v. Harris*, 615 F.2d 625, 627 (5th Cir.1980) (reversing and remanding with direction to enter judgment where the evidence was not substantial and the record clearly showed the claimant's right to benefits). The instant record is not so disposed. Plaintiff's residual functional capacity, when properly supported, may compel a finding that she is not disabled.

For the reasons stated above,

**IT IS RECOMMENDED** that the matter be **REVERSED and REMANDED** for further proceedings consistent herein.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR,**

**FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 16th day of July, 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE